UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
                                                    :
A&E TELEVISION NETWORKS, LLC,                       :
                                                    :
                Plaintiff,                          :        **ANSWER**
                                                    :
        v.                                          :        Civil Action No. 1:22-cv-07411 (KPF)
                                                    :
BIG FISH ENTERTAINMENT, LLC,                        :
HALF MOON PICTURES, LLC, and                        :
REELZCHANNEL, LLC,                                  :
                                                    :
                Defendants.                         :
———————————————————————x

Defendants Big Fish Entertainment LLC ("Big Fish"), Half Moon Pictures LLC ("Half Moon"), and REELZChannel, LLC ("REELZ") (collectively "Defendants"), by and through their attorneys, Gibson, Dunn & Crutcher LLP, hereby answer the Complaint filed by Plaintiff A&E Television Networks, LLC's ("A&E") on August 30, 2022, ECF No. 1 (the "Complaint").

## GENERAL DENIAL AND STATEMENT OF FACTS IN SUPPORT OF AFFIRMATIVE DEFENSES

This lawsuit is A&E's hypocritical attempt to claim ownership over a show and concept it cast aside and abandoned. Big Fish is a content production company that, along with its production arm, Half Moon, produces unscripted and documentary television programming. In 2016, Big Fish developed a live, unscripted television show titled *Live PD* that followed law enforcement departments from across the country in real time as they patrolled their communities. A&E wanted to air *Live PD* on its network, and the parties entered into a Series Agreement to memorialize their relationship. In that agreement, A&E bargained for a contractual right to prevent Big Fish from developing and producing a show "substantially similar in content and format" to *Live PD* for a different network for one year after delivery of the last episode requested by A&E. When the one-year embargo period ended, Big Fish was free to produce a "substantially similar" live television

1

series for any other network.  A&E knew this deal was necessary because unscripted shows following law enforcement on patrol are not protectable under the copyright laws: Similar shows have been on the air for decades without anyone claiming ownership over the concept.

*Live PD*, which aired on A&E's flagship network for four seasons, was a huge success. But in summer 2020, A&E canceled the show following the tragic murder of George Floyd, fearing public criticism of a show featuring law enforcement officers apprehending suspects.  Over a year later, Big Fish approached A&E about rebooting *Live PD*, but A&E passed.  Knowing that Big Fish was pitching its reimagined live police show to other networks, A&E initially sought to license the title *Live PD*, but Big Fish ended up titling the new show *On Patrol: Live* to avoid confusion.  In 2022, nearly two years after the final episode of *Live PD* aired on A&E and safely after the expiration of the one-year embargo period, REELZ began airing *On Patrol: Live*.

A&E's bet proved dramatically wrong.  The outpouring of public consciousness arising from the deaths of George Floyd, Breonna Taylor, and others underscored the importance of the public being able to see, understand, and exercise oversight over law enforcement activity.  *On Patrol: Live* has been highly successful, averaging over 800,000 viewers per episode.  Having come to regret its decision to let the show go, A&E manufactured this lawsuit to prevent Defendants or anyone else from producing a show that A&E repeatedly told both Big Fish and its internal staff that it would never bring back.  A&E is now hypocritically seeking a share of Defendants' profits notwithstanding its self-righteous rejection of the show.

Defendants deny any and all liability for the claims asserted in this case.  In responding to the allegations below, unless otherwise specifically admitted, Defendants deny any averments in the introductory paragraph, cover page, headings, subheadings, tables and exhibits of the Complaint.  To the extent any part of the Complaint incorporates by reference any other parts of

the Complaint, Defendants incorporate by reference their responses to those allegations.  Unless otherwise specifically admitted, Defendants deny each and every allegation in the Complaint.

## SPECIFIC RESPONSES

1.      Paragraph 1 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 1, except admit that "*Live PD*" aired on the A&E network between 2016 and 2020 and refer to the cited website for a complete and accurate statement of its contents.

2.      Paragraph 2 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 2, except admit that *Live PD* enjoyed success on A&E and that AETN suspended production of new episodes of *Live PD* in the summer of 2020, amid nationwide protests.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 3, except admit that Mr. Abrams was the host of *Live PD* and refer to the quoted tweets and articles for a complete and accurate statement of their contents.

4.      Paragraph 4 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 4, except admit that on July 22 and 23, 2022, REELZ aired the first two episodes of "*On Patrol: Live*," that *On Patrol: Live* airs on Friday and Saturday nights from 9PM to 12AM, that *Live PD* aired on Friday and Saturday nights from 9PM to 12AM, and that A&E's outside counsel sent Defendants letters before this lawsuit was filed.

5.      Paragraph 5 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 5 and refer to the quoted review for a complete and accurate statement of their contents.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 6.

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny they have infringed any of AETN's trademarks or engaged in acts of unfair competition.  As to the remainder of the allegations in Paragraph 7, Defendants lack knowledge or information sufficient to admit or deny them, and therefore deny them on that basis.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 8 and refer to the quoted alleged public statements for a complete and accurate statement of their contents.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 9.

10.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and therefore deny the allegations.

11.     Defendants deny that Big Fish is a New York limited liability company and aver that Big Fish Entertainment LLC is a Maryland limited liability company.  Except as denied, Defendants admit the allegations of Paragraph 11.

12.     Defendants admit that Half Moon is a Delaware limited liability company registered to do business in New Jersey and is a production arm of Big Fish.  Defendants further

admit that *On Patrol: Live* has been distributed in New York and throughout the United States. Except as expressly admitted, Defendants deny the allegations of Paragraph 12.

13.     Defendants admit the allegations of Paragraph 13.

14.     Paragraph 14 contains conclusions of law to which no response is required.

15.     Paragraph 15 contains conclusions of law to which no response is required.

16.     Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations except admit that Half Moon has contractual relationships with Big Fish and REELZ and that principals of Half Moon are also principals of Big Fish.

17.     Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations except admit that REELZ has contractual relationships with Big Fish and/or Half Moon and has communicated with principals of Big Fish and/or Half Moon.

18.     Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that AETN and Big Fish entered into a "Series Agreement," which is governed by New York law and provides for venue in the Southern District of New York.

19.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and therefore deny them on this basis.

20.     Defendants admit the allegations of Paragraph 20.

21.     Paragraph 21 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 21 and refer to the *Live PD* Series Agreement for a complete and accurate statement of its contents.

22.     Paragraph 22 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 22 and refer to the *Live PD* Series Agreement for a complete and accurate statement of its contents.

23.     Paragraph 23 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 23 and refer to the *Live PD* Series Agreement for a complete and accurate statement of its contents.

24.     Paragraph 24 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 24 and refer to the *Live PD* Series Agreement for a complete and accurate statement of its contents.

25.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 25, and therefore deny them on this basis.

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 26, and therefore deny them on this basis.

27.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 27, and therefore deny them on this basis.

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 28, and therefore deny them on this basis.

29.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 29, and therefore deny them on this basis.

30.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 30, and therefore deny them on this basis.

31.     Defendants admit that *Live PD* first aired on A&E on October 28, 2016 and that the *Live PD* series spanned four seasons and 298 episodes.  Defendants otherwise deny the allegations of Paragraph 31.

32.     Defendants admit that *Live PD* followed certain police departments and sheriff's offices in real time as they patrolled communities, and that Dan Abrams and Sean Larkin were hosts on the show.  Defendants otherwise refer to the show itself for a complete and accurate statement of its contents.

33.     Defendants admit that *Live PD* was popular and successful.  Defendants deny that the success of *Live PD* were through AETN's efforts and actions.  As to the remainder of the allegations in Paragraph 33, Defendants lack knowledge or information sufficient to admit or deny them, and therefore deny them on that basis.

34.     Paragraph 34 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that other shows related to *Live PD* were developed or produced, including *Live PD: Rewind*, *Live PD: Police Patrol*, *Live PD: Roll Call*, *Live PD Presents: Women on Patrol*, *Live PD Presents: PD Cam*, *Live Rescue*, *Live PD Presents: Top Ten Police Vehicles*, and *Live PD: Wanted*.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 34, and therefore deny them on this basis.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations of Paragraph 38 except to refer to the quoted articles for a complete and accurate statement of their contents.

39.     The allegations in Paragraph 39 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations except admit that *Live PD* and *On Patrol: Live* are both produced by Big Fish, that John Zito is an executive producer of both *Live PD* and *On Patrol: Live*, that Dan Abrams and Sean Larkin hosted both *Live PD* and *On Patrol: Live*; and that Curtis Wilson appeared on both *Live PD* and *On Patrol: Live*.

40.     Paragraph 40 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 40 except to refer to the referenced tweets for a complete and accurate statement of their contents.

41.     Defendants refer to the referenced tweet for a complete and accurate statement of its contents.

42.     Defendants refer to the referenced tweet for a complete and accurate statement of its contents.

43.     Defendants refer to the referenced tweet for a complete and accurate statement of its contents.

44.     Defendants deny the allegations of Paragraph 44 and refer to the referenced tweet and article for a complete and accurate statement of their contents.

45.     Defendants refer to the referenced article for a complete and accurate statement of its contents.

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 46, and therefore deny them on this basis.

47.     Defendants refer to the referenced press release for a complete and accurate statement of its contents.

48.     Defendants deny the allegations of Paragraph 48 and refer to the referenced presentation for a complete and accurate statement of its contents.

49.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 49, and therefore deny them on this basis.

50.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 50, and therefore deny them on this basis.

51.     Defendants deny the allegations of Paragraph 51, except admit that AETN's outside counsel sent letters in June and July 2022 to Big Fish and REELZ, to which Defendants refer for a complete and accurate statement of their contents.

52.     Paragraph 52 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 52.

53.     Paragraph 53 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 53.

54.     Paragraph 54 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 54.

55.     Paragraph 55 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 55, except admit the airdates of additional episodes of *On Patrol: Live*.

56.     Paragraph 56 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60 except admit that both *Live PD* and *On Patrol: Live* use previously recorded law enforcement footage.

61.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 61, and therefore deny them on this basis.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny that REELZ traded on AETN's reputation, goodwill, and investments.  Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations of Paragraph 63, and therefore deny them on this basis.

## CLAIM I

### Direct Copyright Infringement in Violation of 17 U.S.C. §§ 101 *et seq.*

64.     Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 63 above.

65.     Paragraph 65 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 65.

66.     Paragraph 66 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations except admit that *Live PD* and *On Patrol: Live* are both produced by Big Fish, that John Zito is an executive producer of both *Live PD* and *On Patrol: Live*, that Dan Abrams and Sean Larkin hosted both *Live PD* and *On Patrol: Live*; and that Curtis Wilson appeared on both *Live PD* and *On Patrol: Live*.

67.     Paragraph 67 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 67.

68.     Paragraph 68 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 68.

69.     Paragraph 69 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 69.

70.     Paragraph 70 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 70 except admit that Dan Abrams and Sean Larkin hosted both *Live PD* and *On Patrol: Live*.

71.     Paragraph 71 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 71 except admit that AETN's outside counsel sent letters in June and July 2022 to Big Fish and REELZ, to which Defendants refer for a complete and accurate statement of their contents.

72.     Paragraph 72 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 72, except admit the airing of Episodes 1 through 12 on those dates.

73.     Defendants admit the allegations of Paragraph 73.

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 74.

75.     Paragraph 75 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 75.

76.     Paragraph 76 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 76.

77.     Paragraph 77 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 77.

78.     Paragraph 78 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 78.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 79.

## CLAIM II

### Contributory Copyright Infringement in Violation of 17 U.S.C. §§ 101 *et seq.*

80.     Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 79 above.

81.     Paragraph 81 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 81.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 82.

83.     Paragraph 83 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 83.

84.     Paragraph 84 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 84.

85.     Paragraph 85 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 85.

86.     Paragraph 86 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 86.

87.     Paragraph 87 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 87.

88.     Paragraph 88 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 88.

## CLAIM III

**Intentionally Inducing Copyright Infringement in Violation of 17 U.S.C. §§ 101 *et seq.***

89.     Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 88 above.

90.     Paragraph 90 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 90.

91.     Paragraph 91 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 91.

92.     Paragraph 92 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 92.

93.     Paragraph 93 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 93.

94.     Paragraph 94 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 94.

95.     Paragraph 95 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 95.

96.     Paragraph 96 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 96.

<u>**CLAIM IV**</u>

**Trademark Infringement in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)**

97.     Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 96 above.

98.     Paragraph 98 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 98.

99.     Paragraph 99 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 99.

100.    Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 100, and therefore deny the allegations.

101.    Paragraph 101 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 101, and therefore deny them on that basis.

102.    Paragraph 102 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 102.

103.    Paragraph 103 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 103.

104.    Paragraph 104 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 104.

105.    Paragraph 105 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 105.

106.    Paragraph 106 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 106 and refer to the referenced tweets and presentations for a complete and accurate statement of their contents.

107.    Paragraph 107 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 107.

108.    Paragraph 108 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 108.

109.    Paragraph 109 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 109.

110.    Paragraph 110 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 110.

111.    Paragraph 111 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 111.

112.    Paragraph 112 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 112.

## CLAIM V

**Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a): Unfair Competition**

113.    Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 112 above.

114.    Paragraph 114 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 114.

115.    Paragraph 115 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 115.

116.    Paragraph 116 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 116.

117.    Paragraph 117 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 117.

118.    Paragraph 118 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 118.

119.    Paragraph 119 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 119 and refer to the referenced article for a complete and accurate statement of its contents.

120.    Paragraph 120 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 120.

121.    Paragraph 121 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 121.

122.    Paragraph 122 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 122.

## CLAIM VI

**Trademark Infringement in Violation of New York Common Law**

123.    Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 122 above.

124.    Paragraph 124 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 124.

125.    Paragraph 125 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 125.

126.    Paragraph 126 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 126.

127.    Paragraph 127 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 127.

128.    Paragraph 128 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 128.

129.     Paragraph 129 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 129.

130.     Paragraph 130 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 130.

131.     Paragraph 131 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 131.

132.     Paragraph 132 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 132.

133.     Paragraph 133 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 133.

134.     Paragraph 134 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 134.

135.     Paragraph 135 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 135.

136.     Paragraph 136 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 136.

137.     Paragraph 137 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 137.

138.     Paragraph 138 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 138.

## <u>CLAIM VII</u>

**Unfair Competition in Violation of New York Common Law**

139.    Defendants reallege and incorporate by reference each and every response set forth in Paragraphs 1 through 138 above.

140.    Paragraph 140 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 140.

141.    Paragraph 141 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 141.

142.    Paragraph 142 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 142.

143.    Paragraph 143 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 143.

144.    Paragraph 144 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 144.

145.    Paragraph 145 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 145.

146.    Paragraph 146 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 146.

147.    Paragraph 147 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 147.

148.    Paragraph 148 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 148.

149.    Paragraph 149 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 149.

150.    Paragraph 150 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 150.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief against them, and Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury to decide all issues triable in this case.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the facts alleged in the Complaint or assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiff's claims, Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint and each purported claim for relief stated therein fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands and/or the doctrine of *in pari delicto*.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, due to waiver, quasi-estoppel, and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's claim are barred, in whole or in part, to the extent that their purported copyright registrations are invalid and/or have not been properly obtained.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as their alleged protected copyrights are unprotectable due to lack of originality.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as their alleged protected copyrights are unprotectable because they consist of fact(s).

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants had an express or implied license to use the allegedly protected copyrights.

## TENTH DEFENSE

Plaintiff has not suffered any cognizable injury or damages as a result of any act, conduct, or omission by Defendants.

## ELEVENTH DEFENSE

Plaintiff's alleged damages are too remote and speculative to ascertain or apportion.

## TWELFTH DEFENSE

To the extent Plaintiff has stated a claim on which relief may be granted, Plaintiff has failed to mitigate any and all losses and/or damages claimed.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred under the Thirteenth Amendment.

## FOURTEENTH DEFENSE

Plaintiff's claim for equitable relief, including for injunctive relief, is barred because Plaintiff has an adequate remedy at law.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants have not completed their full investigation of the facts of this case and have not completed discovery in this matter.  The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time.  Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation and/or to modify, amend, or supplement any defense contained herein at any time.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice; awarding Defendants their reasonable attorneys' fees and costs related to this dispute; and grant Defendants such other and further relief as the Court deems just and proper.

21

Dated:  July 7, 2023                              Respectfully submitted,
        New York, NY


                                                  GIBSON, DUNN & CRUTCHER LLP


                                                  By:  _/s/ Orin Snyder_
                                                       Orin Snyder
                                                       Alexandra Perloff-Giles
                                                       200 Park Avenue
                                                       New York, NY 10166-0193
                                                       Tel: (212) 351-4000
                                                       OSnyder@gibsondunn.com
                                                       APerloff-Giles@gibsondunn.com

                                                       Jay P. Srinivasan
                                                       Ilissa Samplin
                                                       333 South Grand Avenue
                                                       Los Angeles, CA 90071-3197
                                                       Tel: (213) 229-7354
                                                       JSrinivasan@gibsondunn.com
                                                       ISamplin@gibsondunn.com

                                                       *Counsel for Defendants*