# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

A&E TELEVISION NETWORKS, LLC,

                Plaintiff,

       v.

BIG FISH ENTERTAINMENT, LLC, HALF MOON
PICTURES, LLC, and REELZCHANNEL, LLC

            Defendants.

Case No. 1:22-cv-07411 (KPF)

## PROTECTIVE ORDER

Subject to approval of the Court, Plaintiff A&E Television Networks, LLC and Defendants Big Fish Entertainment LLC, Half Moon Pictures LLC, and ReelzChannel, LLC (collectively, the "**Parties**") hereby stipulate and agree as follows:

## 1.     DEFINITIONS

1.1     **Party**:  Any party to this action, including successors in interest, officers, directors, and employees.

1.2     **Discovery Material**:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, or other requests for documentation in this Litigation.

1.3     "**Confidential**" **Information**:  All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information,

1

and/or other non-public commercial, financial, research or technical information, including a Party's customers, supplies, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4    **Receiving Party**:  A Party or non-party that received Discovery Material from a Producing Party.

1.5    **Producing Party**:  A Party or non-party that produces Discovery Material in this Litigation.

1.6    **Designating Party**:  A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

1.7    "**Highly Confidential – Attorneys' Eyes Only**" **Information**: All Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public, highly sensitive and/or strictly proprietary information of a Party, including but not limited to trade secrets, pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their terms, or other financial information, that would be likely to cause harm to a Party's competitive position if disclosed outside this Litigation.

1.8    **Protected Material**:  Any Discovery Material designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information."

1.9    **Outside Counsel**:  Attorneys, along with their paralegals and other support

personnel, who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

    1.10   **In-House Counsel**:  Attorneys who are employees of a Party or its affiliates.

    1.11   **Counsel**:  Outside Counsel and In-House Counsel.

    1.12   **Expert** and/or **Consultant**:  A person with specialized knowledge or experience in a matter pertinent to the Litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

    1.13   **Professional Vendors**:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

    1.14   **Litigation**:  Refers to the above-captioned case only.

## 2.    SCOPE

All Discovery Material produced or adduced in this Litigation shall be subject to this Order. All Discovery Material produced or adduced in this Litigation shall be used solely for the purpose of prosecuting or defending this Litigation, including discovery, mediation, trial preparation, trial, and appeal.  The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Confidential Information or Highly Confidential –

Attorneys' Eyes Only Information.

**3.     DESIGNATING    CONFIDENTIAL    INFORMATION    AND    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

3.1     <u>Manner and Timing of Designation</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.2     <u>Designation of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information</u>.  Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Order.

(A)     *Documents*.  Documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents.  Said legend shall be made so as not to obscure any of the Confidential Information's or Highly Confidential – Attorneys' Eyes Only Information's content where reasonably possible.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential – Attorneys' Eyes Only Information.  After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before

producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend at the bottom of each page that contains Protected Material.

(B)     *ESI*.   With respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is produced as electronically stored information ("**ESI**"), including video footage, the Designating Party may signify its confidential nature by imprinting a stamp, watermark, or some other marker indicating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   To the extent any ESI is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is produced.   Otherwise, the ESI shall be marked with the legend as provided in Section 3.2(A) of this Order.

(C)     *Tangible Objects*.   Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D)     *Depositions*.   Portions of a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Counsel at the conclusion of the deposition or by denominating by page and line those portions of the deposition which are to be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information within thirty (30) days of receiving the final transcript and exhibits and so informing all Parties of the designation.   Until the thirty-day period has passed,

each deposition transcript shall be treated as Highly Confidential – Attorneys' Eyes Only Information.  Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 3.2(E) of this Order.  A Party shall have the right to have persons who are not permitted under this Protective Order to view Protected Material excluded from a deposition for the portions of testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or the introduction of documents or exhibits designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(E)    *Reports Created By an Expert or Consultant Relying On or Incorporating Protected Material*.  The Party responsible for its creation shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend at the bottom of each page of the report that contains Protected Material.

(F)    *Documents Generated During Suit*.  All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, if filed with the Court, shall redact Confidential Information or Highly Confidential – Attorneys' Eyes Only Information from the public Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information) and/or shall be filed under seal pursuant to the Court's rules governing sealed documents.

3.3    <u>Restrictions on Use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information</u>.  Except as agreed to in writing by the Designating Party or its

6

Counsel or as otherwise provided herein, Confidential Information and Highly Confidential – Attorneys' Eyes Only Information:

      (A)    shall be maintained in confidence;

      (B)    may be disclosed only to persons entitled to access thereto under the terms of this Order; and

      (C)    shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Litigation, including appeals, and for no other purpose.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure of its designated material.

      3.4    <u>Inadvertent Failure to Designate</u>.  If material is produced in this Litigation without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, the absence of such designation does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Order for such material.  Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents.  The inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.  Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained

until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation.  Each Party or non-party that designates material for protection under this Order agrees to act in good faith in applying the standards set forth herein.

3.5    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Any Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

## 4.    AUTHORIZED USERS OF CONFIDENTIAL INFORMATION HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

4.1    <u>Basic Principles</u>.  A Receiving Party may use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this Litigation.  Such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 6.

Confidential Information and Highly Confidential – Attorneys' Eyes Only

Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2     <u>Disclosure of Confidential Information</u>.  No person subject to this Order other than the Designating Party shall disclose any material designated as "CONFIDENTIAL" to any other person, except to:

(A)     In-House Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation;

(B)     Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation;

(C)     The current and former directors, officers, or employees of the Receiving Party engaged in assisting the Receiving Party's Counsel during the Litigation;

(D)     Experts and/or Consultants, including their staff, retained by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Litigation; provided further that Experts may not use Protected Material for any purpose that does not relate to this Litigation (including but not limited to other litigations and other work in their respective fields);

(E)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A.  For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed

hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services;

(F)  An author, signatory, prior recipient of the document or the original source of the information, or person who is known from the metadata to have drafted all or part of the document;

(G)  Deponents and trial witnesses, after such deponent has signed a statement in the form annexed hereto as Exhibit A;

(H)  A Party's insurers or insurers' counsel who have signed the form annexed hereto as Exhibit A, provided that Counsel in good faith determines that there is a need for such disclosure in connection with this Litigation;

(I)  The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, mediator, or other third party who is appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the form annexed hereto as Exhibit A), and the trier of fact;

(J)  Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A; and

(K)  Any other person to whom the Court compels disclosure of Confidential Information or to whom disclosure is required by law.

4.3  <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Information</u>.  No person subject to this Order other than the Designating Party shall disclose any material designated as

"HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY" to any other person, except to:

(A)     The following designated In-House Counsel for each Party engaged in the Litigation after such In-House Counsel has read and can acknowledge and sign the statement in the form annexed hereto as Exhibit A: For A&E Television Networks, LLC, Henry Hoberman, David Seiden, David Sternbach and Christian Palmieri; for Defendants Big Fish Entertainment LLC, and Half Moon Pictures LLC, Daniel M. Flores and Lesley Freeman; and for ReelzChannel, LLC, Kristine Tietz and Ryan Vandewiele;

(B)     Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation;

(C)     Experts and/or Consultants, including their staff, retained by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Litigation; provided further that Experts may not use Protected Material for any purpose that does not relate to this Litigation (including but not limited to other litigations and other work in their respective fields);

(D)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A.  For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services;

(E)     In the course of deposition, a person shown on the face of the document to

have authored or received it, or who is known from the metadata to have drafted all or part of the document;

(F)     A Party's insurers or insurers' counsel who have signed the form annexed hereto as Exhibit A, provided that Counsel in good faith determines that there is a need for such disclosure in connection with this Litigation;

(G)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, mediator, or other third party who is appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the form annexed hereto as Exhibit A), and the trier of fact;

(H)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A; and

(I)     Any other person to whom the Court compels disclosure of Highly Confidential – Attorneys' Eyes Only Information or to whom disclosure is required by law.

4.4     <u>Retention of Exhibit A</u>.  Counsel for the Party that obtains signed forms annexed hereto as Exhibit A, as required above, shall retain them for six (6) months following the final termination of this action, including any appeals, and upon good cause shown, shall make them available to other Parties or the Court.

## 5.     CHALLENGING DESIGNATIONS

5.1     <u>Timing of Challenges</u>.  Any Party or non-party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.  Unless a prompt

challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burden, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>.     If a Party elects to challenge a Designating Party's confidentiality designation or lack thereof, that Party must notify the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and providing a basis for the challenge, and serve copies of such notice to all other Parties.  Counsel shall, within seven (7) business days after service of the written objections, meet and confer in good faith in an effort to resolve any dispute concerning the objection, unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3     <u>Judicial Intervention</u>.     If the objection cannot be resolved during the meet and confer process set forth in Section 5.2 above, the Party challenging the designation or lack thereof may seek relief promptly from the Court in accordance with its rules and procedures.  The burden of proving the propriety of the challenged designation shall be on the Designating Party.  The protection of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information afforded by the Order shall continue as originally designated unless and until the Court issues an order on the motion.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

5.4     <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>.  A Party may upward designate (i.e., change any Discovery Material produced without a designation of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information" to one of those two designations, or change any Discovery Material produced as "Confidential Information" to a designation of "Highly Confidential – Attorneys' Eyes Only Information") any Discovery Material produced by another Party or non-party, provided that said Discovery Material contains the upward designating Party's Confidential or Highly Confidential material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Sections 5.1 through 5.3 above regarding challenging designations.

5.5     <u>No Waiver</u>.  Nothing in this Order shall be deemed a waiver of:

(A)     any Party's or non-party's right to object to any discovery requests on any ground;

(B)     any Party's right to seek an order compelling discovery with respect to any discovery request;

(C)     any Party's right to object to the admission of any evidence at any stage in this Litigation; or

(D)     any Party's or non-party's right to use and review its own documents and its own Confidential Information.

14

6.    **DURATION**

6.1    Any Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or any information contained in or derived from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be subject to the provisions of this Order until the Parties agree otherwise or upon order of this Court.

6.2    This Order shall continue in effect with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information until expressly released by the Designating Party and, if applicable, such effectiveness shall survive the final determination of this Litigation.  Within sixty (60) days of the final determination of this Litigation, including any appeal, and subject to any pre-existing document retention requirements that may apply to electronic documents or as otherwise required by law, all Confidential Information and Highly Confidential  – Attorneys' Eyes Only Information produced by another Party shall be either (a) returned to the Disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Disclosing Party.  For purposes of this Order, the final determination of this Litigation shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this Litigation (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); or (iii) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

6.3    This Section shall not apply to documents that were not produced by a Party but

were created in the course of this Litigation and contain excerpts or references to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by Counsel or Expert reports (*i.e.*, attorney files).  Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential.

7.    **CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Litigation as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expense of seeking protection in that court of its Confidential Information or Highly Confidential – Attorneys' Eyes Only Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

16

8.    **UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

If a Receiving Party learns that it has disclosed, by inadvertence or otherwise, Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure.   Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection or other immunity ("**Privileged Material**") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production.   After receiving notice of the inadvertent production, a party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to raise the privilege issue with the court, it may retain one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event the Court upholds the claim of privilege).   The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure.   If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

17

The provisions of this Section apply to all information or materials produced in the Litigation, whether designated Confidential, Highly Confidential – Attorneys' Eyes Only, or not. Further, pursuant to Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with this Litigation shall not constitute a waiver in this or any other federal or state proceeding if the producing party or non-party timely invokes the clawback procedures set forth in this Section.

9. **USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION AT TRIAL**

The use of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

10. **APPLICATION OF THE PROTECTIVE ORDER TO THIRD-PARTY SUBPOENAS**

10.1    A Party that issues a non-party subpoena (the "**Issuing Party**") shall include a copy of this Protective Order with the subpoena and state that the subpoenaed party may produce documents in accordance with the terms of this Protective Order.  If a non-party provides discovery to any Party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the non-party shall have the same rights and obligations under the Order with respect to designating material set forth in this Order for the Parties to this action.  Any non-party producing Discovery Material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Order available to Parties for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same. Nothing in this Protective Order is intended to or may be interpreted to narrow, expand, or

otherwise affect the rights of the Parties or third parties to object to a subpoena.

10.2    Upon receiving notice and a copy of any subpoena to be served in this case, as required by Fed. R. Civ. P. 45(a)(4) from the Issuing Party, the other Party (the "**Informing Party**") may, within five (5) business days of such notice, inform the Issuing Party that the documents produced in response to that subpoena may reasonably be expected to contain Confidential Information of Highly Confidential – Attorneys' Eyes Only Information under this Protective Order, which shall include a general description of the documents expected to contain information that contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  In that event or in the event that the Issuing Party informs the other Party that documents received from a third-party may reasonably be expected to contain Confidential Information or Highly Confidential  – Attorneys' Eyes Only Information at the time it provides the other Party with copies under Section 10.3, all Parties being so informed shall treat all documents produced in response to the subpoena as containing Highly Confidential – Attorneys' Eyes Only Information from the time they receive such documents and until thirty (30) calendar days after the Issuing Party provides copies under Section 10.3.  The Informing Party and the Issuing Party shall have a period of thirty (30) calendar days from the time the Issuing Party produces such documents under Section 10.3 during which to designate any part of the third-party production as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Protective Order.  For purposes of this paragraph, if the thirtieth calendar day falls on a weekend or holiday, the applicable deadline shall be the next business day.  Any such designation may be challenged as provided in Section 5.  Upon request, any Party making designations under this Section 10.2 will provide the other Party with stamped copies of the documents so designated, consistent with Section 3.2(A).  Nothing in this section is intended to or

does alter or waive the Parties' rights in Sections 5 and 8.  For the avoidance of doubt, if a Party does not anticipate before a subpoena is served that the production in response to the subpoena will contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, but the production ultimately contains such information that a Party believes was not appropriately designated, that Party may avail itself of the procedures for upward designating Discovery Material and/or challenging designations set forth in Section 5 above.

10.3    Whether or not a Party informs the serving party as provided in Section 10.2 above, any Issuing Party in this Litigation will promptly provide, within three (3) business days, the other Party with a copy of all materials produced by the third party in response to the subpoena (including a copy of the third-party's written responses or objections, if any).  If the Issuing Party is unable to provide the other Party with a copy of all materials produced by the third party within three (3) business days, the Issuing Party shall immediately notify the other Party in writing.

## 11.    MISCELLANEOUS

11.1    <u>Right of Further Relief</u>.  Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of discovery or to oppose a Party's designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Order.

11.2    <u>Right to Seek Modification</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court, including to seek greater or lesser protection for specific Discovery Material.

11.3    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Order.

11.4    <u>No Probative Value</u>.  This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  The fact that information is marked with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.   The fact that any information with a confidentiality designation is disclosed, used, or produced in any Court proceeding in this Litigation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible or confidential.

11.5    <u>Use of Party's Own Materials</u>.  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated material as it chooses.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-parties to disclose such material in violation of this Order.

11.6    <u>Prior Orders</u>.  This Order shall not affect any prior order of the Court.

11.7    <u>Public Documents</u>.  None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order.  Nothing in this Order shall prevent a Party from using any information that the Party properly possessed prior to receipt of any Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or items from the other Party that are or were discovered independently by the Receiving Party.  The terms for the treatment of Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and items pursuant to the Order shall be effective only upon the entry of this Order.

11.8    <u>Survival</u>.   This Order shall survive the termination of this litigation and will continue to be binding upon all persons to whom Discovery Material is produced or disclosed. This Court will retain jurisdiction to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

11.9    <u>Successors</u>.   This Order shall be binding upon the Parties hereto, their successors, and anyone else who obtains access to Discovery Material in connection with this action.

Dated: August  23, 2023                             Respectfully submitted,
         New York, New York


WEIL GOTSHAL & MANGES LLP          GIBSON, DUNN & CRUTCHER LLP

 /s/ *David L. Yohai*                              /s/ *Orin Snyder*
David L. Yohai                                      Orin Snyder
Benjamin E. Marks                              Alexandra Perloff-Giles
Randi W. Singer                                   200 Park Avenue
David E. Yolkut                                    New York, NY 10166
Fredrick T. Rhine                                 Phone: (212) 351-4000
                                                           Fax: (212) 351-6335
767 Fifth Avenue                              OSnyder@gibsondunn.com
New York, NY 10153                        APerloff-Giles@gibsondunn.com
Phone:  (212) 310-8000
Fax:  (212) 310-8007                        Jay P. Srinivasan
david.yohai@weil.com                     Ilissa Samplin
benjamin.marks@weil.com            333 South Grand Avenue
randi.singer@weil.com                    Los Angeles, CA 90071
david.yolkut@weil.com                   Phone: (213) 229-7296
fredrick.rhine@weil.com                 Fax: (213) 229-6296
                                                          jsrinivasan@gibsondunn.com
                                                          isamplin@gibsondunn.com
*Attorneys for Plaintiff*

                                                          *Attorneys for Defendants*

For the avoidance of doubt, this confidentiality agreement does not bind the Court or any of its personnel.  In addition, the Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases for any redaction issues that may arise.  *See* Rule 9.

Dated:      August 24, 2023              SO ORDERED.
            New York, New York

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE