# Weil, Gotshal & Manges LLP

VIA ECF AND E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

March 14, 2024

The Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: ***A&E Television Networks, LLC v. Big Fish Entertainment, LLC et al.***, **22-cv-07411 (S.D.N.Y.)**

Dear Judge Failla:

We regret to burden the Court but are compelled to write again on behalf of Plaintiff AETN pursuant to Local Rule 37.2 and Rule 3(C) of the Court's Individual Rules to raise the following discovery disputes between AETN and Defendants.

## I.     Big Fish/Half Moon Rule 30(b)(6) Deposition

On January 5, 2024, AETN served Big Fish/Half Moon ("Big Fish") with a Rule 30(b)(6) deposition notice for February 28 and 29, specifying New York as the place of deposition (Big Fish is based in the area). Ex. 1. On January 24, having received no response or information from Defendants about the 30(b)(6) deposition, AETN followed up. Ex. 2. On February 1, AETN followed up again. Ex. 3. AETN followed up again on February 8 (Ex. 4), on February 10 (Ex. 5), on February 12 (Ex. 6), on February 13 (Ex. 7), and again on February 16 (Ex. 8). On February 18, having still received no substantive response, AETN threatened to alert the Court if Defendants did not respond by February 21—one week before the noticed deposition date. Ex. 9. Finally, on February 19, Big Fish identified two corporate representatives: Dan Cesareo on most topics, and Tony Barbagiovanni on financial topics.

Big Fish has now informed AETN that it will not make Mr. Barbagiovanni available for deposition in New York, and despite several exchanges on this point, the parties have reached impasse. Big Fish insists that its selected corporate representative must be deposed in Los Angeles, or by Zoom (which would be inadequate and prejudicial given the repeated evasiveness on financial issues). There is, however, a presumption that the "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Atari Interactive, Inc. v. Target Corp.*, 2019 WL 6728860, at *2 n.2 (S.D.N.Y. Dec. 10, 2019) (quoting 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2112 (3d ed. 2019)); *see also Prism Techs., LLC v. Adobe Sys., Inc.*, 2012 WL 1744667, at *2 (D. Neb. May 15, 2012) (California corporation designated Taiwanese 30(b)(6) witnesses, but the court held they must travel to California to be deposed because "[defendant] has not established that having its Rule 30(b)(6) witnesses appear at the site of its own principal place of business in California is an undue burden to the extent that the Court would depart from the general rule."); *Arneauld v. Pentair, Inc.*, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 26, 2012) ("[w]here a

corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business").[1]

It was Big Fish's decision to designate Mr. Barbagiovanni—who works for MGM, Big Fish's parent company—as Big Fish's corporate representative on financial topics, not AETN's. Big Fish is based in the New York City metropolitan area and has financial personnel here. AETN is also based here, and all parties have counsel here. AETN should not be forced to incur the significant inconvenience and expense of traveling to a location more than 2,000 miles from Big Fish's principal place of business to depose its corporate representative.[2] Also, Big Fish has proposed April 9 for Mr. Barbagiovanni's deposition, but wishes to depose AETN witness Henry Hoberman, whose deposition is set for April 10. It is unreasonable to demand counsel travel between the two coasts back-to-back. AETN therefore respectfully requests the Court order Big Fish to produce its 30(b)(6) witness for deposition in New York pursuant to the usual rule.

## II.    Violation of the Parties' Agreement on Deponents

Defendants have also engaged in improper bait-and-switch tactics with respect to deposing AETN's witnesses. On February 12, AETN asked Defendants to consent to AETN taking more than 10 depositions. *See* Ex. 6. This was a reasonable request; AETN is the sole plaintiff in a complex multi-defendant action, and it became clear through the review of documents that testimony is needed from additional witnesses, including Big Fish employee Tammy Zohar, who is the author of numerous documents stating Big Fish's margins on *On Patrol: Live*, which differ from Big Fish's stated positions about its purported profits. However, Defendants refused unless they also received a corresponding increase in the number of depositions. AETN offered to consider the proposal, provided Defendants told AETN who they wished to depose. Ex. 10 (Feb. 28, 2024 email). On March 2, Defendants informed AETN their final three deponents would be Jonathan Davis, Michael Peretz, and Kelley Drukker. Ex. 11. AETN confirmed that it would agree to the 11, provided that they "would include the three deponents you named." Ex. 12 (Mar. 4, 2024 email). AETN then contacted the individuals and planned its final few weeks of fact discovery accordingly.

Then, on March 11—three weeks from the close of fact discovery—Defendants additionally noticed the deposition of Elaine Frontain-Bryant, a high-level AETN executive. Ms. Frontain-Bryant was not one of the agreed-upon 11 deponents, nor had Defendants previously expressed any interest in deposing her, despite knowing about her from the outset of this case (indeed, Defendants included her in their November 2022 initial disclosures). When confronted with this excess, Defendants then claimed

---

[1] In correspondence, Defendants have cited various cases that they claimed support their position. But in each of Defendants' cases, the court ruled the deposition would take place *where the businesses had its principal places of business*: exactly the same principle AETN asserts here.

[2] AETN has been extremely accommodating with Defendants' requests thus far; counsel has traveled to Los Angeles, Minneapolis, and Washington, DC already.

March 14, 2024
Page 3

**Weil, Gotshal & Manges LLP**

there was never any agreement about who would be deposed. Defendants also refused to tell Plaintiff which deponent they would be dropping until further review of documents which have been produced since February 8.[3] As the parties' clear correspondence shows (*see* Exs. 10-12, highlighted for the Court's benefit), that is not what AETN agreed to. AETN therefore respectfully requests the Court either: (a) order Defendants to abide by the terms of the agreement, which would permit them to depose Mr. Peretz, Mr. Davis, and Ms. Drukker, (but not newly-noticed Ms. Frontain-Bryant); or (b) limit Defendants to 10 depositions but allow AETN—a single plaintiff that has to depose multiple defendants—to take the agreed-upon 11, including Ms. Zohar, who possesses unique and critical information.

The parties have conferred repeatedly on each of these issues, with no resolution. AETN therefore respectfully requests the Court set a discovery conference if needed, and/or (1) order Big Fish to produce its 30(b)(6) witness for deposition in New York (not Los Angeles); and (2) either (a) allow Defendants to depose Mr. Peretz, Mr. Davis, and Ms. Drukker, but not Ms. Frontain-Bryant, or (b) limit Defendants to 10 depositions but allow AETN to take the agreed-upon 11.  We thank the Court for its consideration.

Respectfully Submitted,

*/s/ David L. Yohai*
David L. Yohai

cc:      All counsel of Record (via ECF)

---

[3] A day later, Defendants sent an email reneging on the deal entirely, in an apparent attempt to deprive AETN of benefit of its bargain—taking Ms. Zohar's deposition—and justify their own 11th hour reconsideration of desired deponents.