# Weil, Gotshal & Manges LLP

VIA ECF AND E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

March 20, 2024

The Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007



Re:  *A&E Television Networks, LLC v. Big Fish Entertainment, LLC et al.*, 22-cv-07411 (S.D.N.Y.)

Dear Judge Failla:

AETN deeply regrets burdening the Court with a reply, but given the tight timing, respectfully requests the Court consider the following:

Thus far, AETN has bent over backward to accommodate Defendants' witnesses, including traveling to Los Angeles, Washington, D.C., and Minneapolis *at the request of Defendants*. The reason "counsel for all parties have been traveling around the country . . . to accommodate the location of every other deponent in this case" is because ***that is what Defendants insisted on***, citing business responsibilities, childcare concerns, and various other issues. Notably, REELZ demanded its CEO Stan Hubbard be deposed in Minneapolis because *that is where REELZ has its principal place of business*. Big Fish now takes the opposite approach, demanding its own chosen witness be deposed thousands of miles from its principal place of business. In any event, the witnesses who were deposed in Minneapolis, Los Angeles, and Washington, D.C. were all noticed in their individual capacities. Mr. Barbagiovanni (who works for MGM, not Big Fish), in contrast, was chosen by Big Fish (a company based in the New York area) as its own corporate representative on financial topics, despite Big Fish having other financial executives.[1] Moreover, given Big Fish's continued evasiveness on financial issues, it is crucial that AETN have the opportunity to effectively confront Mr. Barbagiovanni to get to the bottom of the profit issue.

It is highly unusual for a company to object to being deposed where it has its principal place of business, and none of Defendants' cases justify Big Fish's request. In *Devlin v. Transportation Commc'ns Int'l Union*, 2000 WL 28173, at *2 (S.D.N.Y. Jan. 14, 2000), for example, the Court held a Maryland company's 30(b)(6) depositions would take place in Maryland (where it had its principal place of business). The same principle applied in *Glatt v. Fox Searchlight Pictures Inc.*, 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012), in which the defendant corporation was based in Los Angeles and wanted its 30(b)(6) witness deposed there; and *Sabhnani v. Mirage Brands, LLC,* 2022 WL 16965009, at *3

---

[1] Moreover, AETN notes MGM's own in-house lawyer has attended multiple depositions in New York, despite not representing any of the parties. It is unclear why Big Fish (and MGM) are unwilling to bring Big Fish's own chosen witness to New York.

March 20, 2024                                                                         **Weil, Gotshal & Manges LLP**
Page 2

(E.D.N.Y. Nov. 16, 2022), in which the court ordered a New Jersey company's 30(b)(6) to be deposed in New Jersey and noted "Plaintiff noticed Defendant's deposition to take place in a District other than the District of its principal place of business"). *See also Est. of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (acknowledging that a Latvian corporation should be deposed in Latvia, but granting unopposed request for a telephone deposition). That is the same principle AETN asserts here: Big Fish is based in in the New York area, and its 30(b)(6) witness should be deposed here.

Moreover, as Defendants are well-aware, the schedule is packed full of depositions—a scheduling jam that is a direct result of Defendants' delay tactics.[2] The parties have already taken six depositions, with four more scheduled to take place this week alone. Moreover, there are at least 12 more depositions to occur over the next two weeks. While Mr. Snyder minimizes the burden of continued depositions on opposite coasts, with almost all of the depositions scheduled in New York, there is simply no more time for these games.[3]

With respect to the number of depositions per side, Defendants again fail to acknowledge that the parties are not similarly situated; this is a single-plaintiff case with three Defendants, and AETN has been forced to split its depositions across multiple entities. Defendants' characterization of the parties' agreement is also belied by the correspondence submitted with AETN's previous letter. Notably, Defendants have now raised yet another witness just this week—Michael Feeney, AETN's head of corporate communications, who also seems utterly irrelevant in a case about Defendants' copying—switching two of the three witnesses in the agreement. Defendants were fully aware of these witnesses almost six months ago, when AETN listed them in interrogatory responses.

AETN therefore respectfully requests the Court (1) order Big Fish to produce its 30(b)(6) witness for deposition in New York (not Los Angeles); and (2) enforce the parties' prior agreement with the specific witnesses stated to be deposed, or limit Defendants to the 10 depositions they are allowed under the rules, but allow AETN to take one additional deposition given that it is a single plaintiff against three defendants. We thank the Court again for its consideration.

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai

cc:        All counsel of Record (via ECF)

---

[2] Defendants' complaint about AETN's 30(b)(6) witnesses is also misleading. Defendants did not serve their Rule 30(b)(6) deposition notice until late February, and it includes 39 separate topics. AETN has already identified witnesses for 22 topics, whereas Defendants did not designate any witnesses or provide any substantive information for more than six weeks after AETN served its notice on January 5.

[3] AETN is constrained to note that Mr. Snyder has not yet attended, taken, or defended a single deposition in this case on any coast, in any city.

The Court is in receipt of Plaintiff's letter request for a Local Rule 37.2 conference (Dkt. #90); Defendants' letter response (Dkt. #95); and Plaintiff's above reply (Dkt. #96).

Plaintiff's request for an order requiring Defendant Big Fish to produce its 30(b)(6) witness for deposition in New York is hereby DENIED.  The Court invites the parties, per Defendants' suggestion, to find an alternative date for Mr. Barbagiovanni's deposition to accommodate Plaintiff's travel to Los Angeles, or, alternatively, to conduct Mr. Barbagiovanni's deposition by Zoom.

Plaintiff's request for an order either (a) allowing Defendants to depose Mr. Peretz, Mr. Davis, and Ms. Drukker, but not Ms. Frontain-Bryant, or (b) limiting Defendants to 10 depositions but allowing AETN to take the agreed-upon 11 depositions is hereby DENIED.  The Court agrees with Defendants that parties should have the "flexibility ... to identify, add, or subtract their deponents throughout the fact discovery period based on the facts and circumstances discovered" and accepts that "it has since become clear [to Defendants] through discovery that Elaine Frontain-Bryant and Michael Feeney are more likely to possess relevant information" than other potential witnesses.  Accordingly, the Court hereby ORDERS each side to take no more than 11 depositions of the witnesses of their choosing.

The Clerk of Court is directed to terminate the pending motion at docket entry 90.

Dated:    March 20, 2024          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE