# EXHIBIT 4

# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY E-MAIL

**H. David Leslie**
+1 (212) 310-8783
harold.leslie@weil.com

November 10, 2023

Ilissa Samplin
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
isamplin@gibsondunn.com

Re: *A&E Television Networks, LLC v. Big Fish Entertainment, LLC et al.*, 22-cv-07411 (S.D.N.Y.)

Dear Counsel,

We write to propose the following protocol for logging privileged information in this action in accordance with Fed. R. Civ. P. 26(b)(5)(A) and the local rules.

*First*, we would propose that the Parties agree that no privileged communications between clients and either inside counsel who are involved in the litigation or outside counsel need be logged following the date of the filing of the Complaint.

*Second*, we would propose that the parties use categorical privilege logs to provide information regarding documents or communications withheld on the basis that they are reasonably determined to be subject to the attorney-client privilege, work product doctrine, or another recognized protection or privilege. Privilege logs would include the following information for each respective grouping of documents and communications so withheld: (a) a detailed description of the specific category; (b) the collective beginning and end dates of the documents and communications which relate to that specific category; (c) the names of all authors and recipients of the documents and communications within the specific category, identifying any in-house or outside counsel; (d) the grounds on which the documents or communications within the specific category are being withheld (e.g., "attorney-client privilege" or "attorney work product"); (e) the number of documents and communications withheld within the specific category; and (f) the type of documents and communications withheld within the specific category (e.g., "emails," "Word documents," or "Excel spreadsheets"). We suggest that the Parties do not need to log documents that are redacted and marked privileged since it would be clear on the face of such a document what the document is, but if you disagree with this we are open to including redacted documents as well.

*Third*, we propose that the parties serve their respective privilege logs within 21 days after substantial completion of their document productions.

November 10, 2023
Page 2

**Weil, Gotshal & Manges LLP**

       Please let us know by Tuesday, November 14, 2023, if Defendants are agreeable to the above.  In sending this letter, AETN expressly reserves all of its rights, and waives none.

                  Sincerely,

                  */s/ H. David Leslie*
                  H. David Leslie

cc:      All counsel