**H E A R S T**

**Office of**
**General Counsel**

Eve Burton
**Executive Vice President**
**Chief Legal Officer**

Jonathan R. Donnellan
Mark C. Redman
**Senior Vice President**
**Co-General Counsel**

Ravi V. Sitwala
Jack Spizz
**Deputy General Counsel**

Maureen Walsh Sheehan
**Associate General Counsel**

Monika Jedrzejowska
Jennifer G. Tancredi
**Assistant General Counsel**

Sultan Barazi
Nathaniel S. Boyer
Andrea Butler
Michael A. Canencia
Travis P. Davis
Vincent Floyd*
Kerry A. Flynn
Matthew Greenfield
Kristen Hauser
Diego Ibargüen
Sarah S. Park
Suzanne Peters
Andrea S. Ryken
Eva M. Saketkoo
Jennifer Schanes
Stephen H. Yuhan
**Senior Counsel**

Catherine A. Bostron
**Corporate Secretary**

Caitlin Baranowski
Liddy Barrow*
David Brioso
Roberto Concepción
James Coil
Howard Davis
Ignacio Diaz*
Christine Gartland
Joshua Kaye*
Catherine Lane
Kate Mayer
Aimee Nisbet*
Adam Plotkin
Christina Robinson
Nina Shah
Alyssa M. Smilowitz
Arianna Thompson
Federica Tigani*
Jim Zeng*
**Counsel**

* Not admitted or resident in NY

**MEMO ENDORSED**

June 17, 2024

Kristen Hauser
Senior Counsel

VIA ECF

Hon. Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 618
New York, NY 10007

Re:   *A&E Television Networks, LLC v. Big Fish Entertainment LLC, et al.*,
       22-CV-07411-KPF

Dear Judge Failla:

This office represents non-party Hearst Communications, Inc.
("Hearst"), one of the joint venture partners in Plaintiff A&E Television
Networks, LLC ("AETN").  I write to oppose Defendants' June 10, 2024,
motion to compel document production from Hearst (ECF No. 116).

Defendants' motion, brought against a non-party in a copyright dispute
between AETN and Defendants, presents an incomplete narrative of events, is
a last-ditch effort to pursue a half-hearted fishing expedition and should be
denied.  It is procedurally improper and substantively without merit.

I.       Background

Counsel for Defendants served a document subpoena on Hearst on
March 21, 2024 that sought compliance in California, which did not comply
with Fed. R. Civ. P. 45(c)(2)(A), and to which Hearst timely objected on April
3, 2024.  Declaration of Kristen Hauser dated June 17, 2024, filed herewith,
¶¶ 1-3, Exs. 1, 2.  That same afternoon, the present document subpoena was
served on Hearst's registered agent.  *See* Hauser Decl. ¶¶ 4-5, Ex. 4.  The
subpoena dated April 3 required compliance the very next day, April 4, 2024
(Hauser Decl. ¶ 5, Ex. 4), the deadline for completion of fact discovery.[1]  *See*
ECF No. 65.  Following this office's receipt of the subpoena late on April 4,
2024, on April 5, 2024, Hearst promptly served its objections on Defendants
by email to Ms. Winston, the designated "place of compliance".  Hauser Decl.
¶¶ 4-7, Exs. 3, 5.  The undersigned did not receive any notification suggesting
the email was undeliverable, and the copied recipient did receive it.  *Id.* ¶ 7.

---

[1] No relevant modifications to the schedule are apparent.  ECF Nos. 100, 102.

300 West 57th Street
New York, NY 10019
T 212.649.2076
khauser@hearst.com

Hon. Katherine Polk Failla, U.S. District Judge
June 17, 2024
Page 2

Nearly six weeks later, on May 16, 2024, Ms. Winston emailed a few in-house lawyers at The Hearst Corporation inquiring about the subpoena. Hauser Decl. ¶ 9, Ex. 6. The undersigned promptly emailed Ms. Winston with a copy of the April 5, 2024 email including Hearst's objections. *Id*. ¶ 10, Ex. 7. On May 28, 2024, counsel met and conferred by telephone and followed up by email thereafter. *Id*. ¶¶ 11, 12, Ex. 8. Hearst informed Defendants that it was standing on its objections on May 31, 2024.[2] Hauser Decl. ¶ 13; Ex. 8. Defendants filed this motion ten days later. ECF No. 116.

II.     Defendants' Motion is Untimely

        Defendants' motion, filed over two months after the close of fact discovery, should be denied as untimely. *See, e.g.*, *Richardson v. City of N.Y.*, 326 F. App'x 580, 582 (2d Cir. 2009) (denial of untimely motion to compel filed one month after the close of discovery was not abuse of discretion); *Roche Freedman LLP v. Cyrulnik*, No. 21-cv-1746, 2023 WL 2138540, at *2 (S.D.N.Y. Feb. 21, 2023) (overruling objection to Magistrate Judge's denial of motions to compel filed two months after the close of fact discovery as untimely); *James v. United States*, No. 99 Civ. 4238, 2003 WL 22149524, at *6 (S.D.N.Y. Sept. 17, 2003) (denying motion to compel filed months after close of fact discovery as untimely). This is particularly so where Defendants' counsel has not offered any meaningful justification for the delay, even though they represented to the Court on April 11, 2024, one week after the subpoena's compliance date, that they were awaiting document productions from Hearst. ECF No. 100. Whether or not Defendants' counsel received Hearst's objections on April 5, 2024 (a claim that is, respectfully, dubious), Defendants still waited six weeks after the designated compliance date (and after the close of fact discovery) to follow up with Hearst, despite their claim that AETN's (not Hearst's) decision to suspend *Live PD* has been "front and center in this lawsuit." ECF No. 116 at 1; Hauser Decl. ¶¶ 9-11; *see also Gucci Am., Inc v. Guess?, Inc*., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) ("[A] party seeking to file a motion to compel after discovery has closed must . . . establish good cause."). Defendants' claim that expert discovery is now "further emphasizing" AETN's decision-making does not excuse the delay. ECF No. 116 at 1.

III.    Defendants' Motion is Procedurally Defective

        The motion also should be denied because Defendants did not comply with this Court's Local Rules or Your Honor's Individual Practices in that they did not first seek a conference. Local Civ. R. 37.2; Rules 2(C) & 3(C) of Individual Rules of Practice in Civil Cases of Judge Failla. The motion also does not identify the specific document requests they seek to compel. *See* Local Civ. R. 37.1. Courts routinely deny motions for a party's failure to comply with the applicable local rules and should do so here. *See, e.g.*, *Baez Duran v. E L G Parking Inc*., No. 18 Civ. 6685, 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) (denying discovery motion for failure to comply with rules, including local rule 37.2); *see also Walsh v. Caliber Home Loans, Inc*., No 19-cv-08966, 2021 WL 124684, at *1-2 (S.D.N.Y. Jan 13, 2021) (collecting cases).

---

[2] At no time during the meet and confer process did defense counsel suggest that Hearst had waived its objections. Hauser Decl. ¶ 12.

Hon. Katherine Polk Failla, U.S. District Judge
June 17, 2024
Page 3

IV.     Hearst Did Not Waive its Objections

      Hearst did not waive its objections.  Defendants confusingly assert that they did not consent to email service; however, the subpoena designates counsel's email address as the place at which compliance with the subpoena was sought.  Hauser Decl. ¶ 5, Ex. 4.  Moreover, the case relied on by Defendants found a waiver where no written objections were ever sent by the party opposing the motion to compel, which is not the case here.[3]  That counsel claims to not have received them should not now eviscerate Hearst's valid objections.  *See Concord Boat Corp. v. Brunswick Corp*., 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996).

V.      Defendants Cannot Overcome Hearst's Objections

      Hearst objected to the subpoena on numerous grounds.  Hauser Decl. ¶¶7-8, Ex. 5.  First, it provided an insufficient amount of time to comply, seeking "all" documents concerning various topics within a day, presumably to set the compliance date before the close of fact discovery.  *Id*.  Defendants assert that their review of unidentified AETN documents (presumably well in advance of April 4) revealed Hearst's "involve[ment] in discussions regarding AETN's decision to cancel *Live PD*" and therefore they need discovery from senior executives at Hearst and minutes of its board meetings.  ECF No. 116 at 1.  They argue that the burden is not undue because they have narrowed their requests.  But even the caselaw they cite makes plain that undue burden is present when the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  *Bamonte v. Charatan*, No. 22 Civ. 0975, 2023 WL 4201416, at *2 (S.D.N.Y. June 27, 2023) (citing Fed. R. Civ. P. 26(b)(2)(C)).  Notably, Defendants do not suggest that Hearst or its executives—as opposed to AETN—were decisionmakers or possess non-cumulative information.  Nor have Defendants identified any basis to believe that internal Hearst communications would be any more relevant than the information they already have or could have obtained from AETN, or even relevant at all to the underlying copyright dispute.[4]  They also have not made any showing that to the extent there were any relevant communications between Hearst and AETN, those are available only from Hearst and not from AETN directly.

      Hearst respectfully requests that the Court deny Defendants' motion to compel.

                Respectfully,

                */s/ Kristen Hauser*

                Kristen Hauser

cc:     All counsel of record (via ECF)

---

[3] *See Martin v. Integron Nat'l Ins.*, No. 22-cv-00736, 2024 WL 754413, at *4-5 (D. Conn. Feb. 22, 2024).

[4] The parties reported exchanging over 19,000 documents and conducting at least 19 fact depositions.  ECF No. 100.

The Court is in receipt of Defendants' letter motion seeking an order compelling third-party subpoena recipient Hearst Communications, Inc. ("Hearst") to produce documents responsive to the subpoena served on it (Dkt. #116), as well as Hearst's above response (Dkt. #120) and accompanying declaration (Dkt. #121).

The Court finds that Hearst did not waive its objections to the subpoena, and that Defendants' motion does not merit dismissal on the basis of its timeliness.  The Court further excuses Defendants' failure to abide by the Court's local and individual rules in this instance.

Furthermore, the Court does not believe that Defendants' narrowed request for (i) Hearst's Board minutes for the periods May 1, 2020, through August 31, 2020, and May 1, 2022, through August 31, 2022, referring to *Live PD* or *On Patrol: Live*, and (ii) email communications of five specified custodians referring to *Live PD* or *On Patrol: Live* during the same time periods, represents an "undue burden" upon Hearst, considering the potential relevance and importance of Hearst's documents with respect to AETN's decision to cancel *Live PD* and the relatively limited nature (in terms of both temporal scope and number of custodians) of the discovery sought.  *See Concord Boat Corp.* v. *Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).  The Court therefore GRANTS Defendants' request as to this narrowed set of documents and hereby ORDERS Hearst to produce the same.

The Clerk of Court is directed to terminate the pending motion at docket entry 116.

Dated:     June 18, 2024              SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE