# GIBSON DUNN

Orin Snyder
T: +1 212.351.2400
osnyder@gibsondunn.com

October 09, 2024

VIA ECF

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:    AETN Television Networks, LLC v. Big Fish Entertainment, LLC, et al.,
No. 22-cv-07411 (S.D.N.Y.)**

Dear Judge Failla:

We represent Defendants in the above-captioned action.  We write pursuant to Rule 9(B)(i) of this Court's Individual Rules of Practice in Civil Cases to respectfully request permission to file under seal certain exhibits in connection with Defendants' October  09, 2024 motion for summary judgment.  This Letter Motion seeks to redact, or file under seal in their entirety, particular exhibits containing sensitive, confidential, and/or proprietary business information.  Defendants' requests are narrowly tailored to cover: (1) competitively sensitive contractual terms and negotiations; (2) sensitive financial information; (3) proprietary third-party data, and/or (4) documents and testimony that have been designated Confidential or Highly Confidential by Plaintiff A&E Television Network, LLC ("AETN") under the governing Protective Order (Dkt. 58).

## I.    Legal Standard

Redactions to judicial documents are warranted when the release of "business, financial, and marketing information" might harm a party's competitive standing.  *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022).  Sealing is appropriate where a party provides "a particular and specific demonstration of fact[] showing that disclosure would result in an injury sufficiently serious to warrant protection."  *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *4 (S.D.N.Y. May 16, 2023); *see also Standard Inv. Chartered, Inc. v. Financial Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming sealing due to potential financial harm of disclosure).  Applying that standard, courts routinely recognize the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations.  *See, e.g.*, *Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting motion to seal "pricing terms" offered to non-party clients).  The privacy interests of non-parties also "weigh heavily" in the "balancing equation."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017).

# GIBSON DUNN

The Honorable Katherine Polk Failla
United States District Court for the Southern
District of New York

October 09, 2024
Page 2

## II.    Competitively Sensitive Contractual Terms and Negotiations

Defendants seek to redact or file under seal exhibits that contain (1) confidential provisions of contracts to which any of the Defendants is a party, (2) details about the negotiations of those contracts, and (3) details about the license negotiations between Defendants and AETN.

Sealing or redaction of these exhibits is warranted because public disclosure of Plaintiffs' confidential, negotiated contract terms would be "detrimental to [Defendants'] competitive standing and business relationships with current and prospective partners." *Ripple*, 2023 WL 3477552, at *5. "[P]ublic disclosure of these contractual terms could give counterparties an unfair advantage over [Defendants] in future negotiations and could allow [Defendants'] competitors to leverage this information to undercut [Defendants] in future negotiations with [Defendants'] existing and prospective counterparties." *Id.* at *5. Here, the contracts at issue include the production agreements between Big Fish and/or Half Moon and networks including AETN and REELZ. The confidential terms of those contracts include negotiated payment structures, intellectual property rights and ownership, and marketing strategies, among other terms. The negotiations at issue include not only those that preceded the executed contracts, but also the negotiations between AETN and Big Fish for certain rights to the "LIVE PD" marks. The terms of all of these contracts and negotiations are properly sealed. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting."). If disclosed publicly, existing and prospective counterparties could unfairly leverage those confidential contract terms to undermine Defendants' (and AETN's) ability to contract with parties in the future.

Because disclosure of confidential contracts, contractual provisions, and negotiations about such provisions would be "highly detrimental to [Defendants'] competitive standing and business relationships with current and prospective partners," *Ripple*, 2023 WL 3477552, at *5, the Court should seal the following exhibits:  2, 3, 4, 19, 23, 24, 25, 27, 31, and 40.

## III.    Sensitive Business Information

Certain exhibits contain information about Defendants' finances, marketing strategies, and other internal business functions.  Disclosure of this information would harm Defendants because it would afford competitors a granular look behind the curtain at the operation and performance of Defendants' businesses; competitors could, in turn, adjust their practices to compete with Plaintiffs' businesses.  This Court has already sealed documents containing similar sensitive financial information. *See, e.g.*, Dkts. 86, 87, 94, 107.

# GIBSON DUNN

The Honorable Katherine Polk Failla
United States District Court for the Southern
District of New York

October 09, 2024
Page 3

As this Court knows, courts "commonly seal" documents that contain sales data because such data could be "used by [the company's] competitors and lead to injury." *In re Zimmer M/L Taper Hip Prosthesis*, 2021 WL 4706199, at *6 (S.D.N.Y. Oct. 8, 2021). Access to such non-public financial figures would allow "competitors who do not now have this information could use it to do [Defendants] competitive injury." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993); *see also, e.g.*, *GoSMiLE*, 769 F. Supp. 2d at 650 (sealing information about "costs and budgeting"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (sealing information about "costs, revenues, prices of products, [and] number of placements of those products," because disclosure would put company "at a competitive disadvantage"). Similarly, courts seal "material concerning the defendants' marketing strategies" when they contain "highly proprietary material." *See GoSMiLE*, 769 F. Supp. 2d at 649–50. This information can "provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also, e.g.*, *Playtex Products, LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (allowing sealing of marketing documents because failing to do so would harm plaintiffs' competitive standing). The same logic has applied in sealing information related to "advertising expenditures and plans," "merchandising strategies," "investigative reports," and information regarding "business operations." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

Accordingly, the Court should seal the following exhibits attached to the Declaration of Doran Satanove which contain Defendants' sensitive business information: 42, 43, 44, 51, 54, 55, 56, and 57.

## IV.    Proprietary Third-Party Data and Information

Certain exhibits contain proprietary data and information from third parties, including Nielsen ratings data. Defendants' access to this information is subject to non-disclosure and confidentiality agreements. Courts in this District caution that "[t]he privacy interests of innocent third parties ... should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019). Where third-party confidential information is at issue, courts hold that "the interests of … the non-party in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015).

Accordingly, the Court should seal the following exhibits that contain confidential third-party data and information: 61 and 75.

# GIBSON DUNN

The Honorable Katherine Polk Failla
United States District Court for the Southern
District of New York

October 09, 2024
Page 4

## V.      Documents and Testimony Designated Confidential or Highly Confidential by AETN

Certain of the exhibits and testimony Defendants rely on in their summary judgment motion have been designated confidential or highly confidential by AETN pursuant to the governing Protective Order (Dkt. 58) on the basis that the documents contain sensitive commercial information that would cause competitive harm to AETN if disclosed.

The Court should seal the following exhibits attached to the Declaration of Doran Satanove designated Confidential or Highly Confidential by AETN:  1, 3, 10, 16, 17, 18, 21, 22, 26, 28, 30, 32, 33, 34, 35, 36, 38, and 58.

## VI.     Deposition Testimony Not Cited in the Parties' Summary Judgment Briefing or Rule 56.1 Statements

As required by Rule 5(B) of this Court's Individual Rules of Practice in Civil Cases, Defendants have submitted as exhibits the entire deposition transcripts of any deponent whose testimony was cited in Defendants' Rule 56.1 Statement.  The large majority of those transcripts, however, contain testimony that was not cited in Defendants' Rule 56.1 Statement or summary judgment brief and, therefore, is less likely to be relied upon by the Court in resolving Defendants' motion for summary judgment.  Courts often hold that sealing is warranted where, as here, voluminous sealed evidence has "minimal relevance to the summary judgment motions." *Ripple*, 2023 WL 3477552, at *7.

Accordingly, the Court should seal the deposition transcripts attached to the Declaration of Doran Satanove as the following exhibits:  5, 6, 8, 11, 12, 13, 14, 20, 29, 37, 39, 41, 48, and 74.

* * *

Because portions of Defendants' Statement of Material Facts Pursuant to Local Civil Rule 56.1 In Support of Motion for Summary Judgment quote from the above exhibits, the Court should permit those portions of the Rule 56.1 Statement to be filed in redacted form.

## VII.    Conclusion

Because these targeted redaction and sealing requests are narrowly tailored to protect non-public, sensitive business information, the disclosure of which would cause severe harm to Defendants and non-parties, Defendants respectfully request that the Court grant their Letter Motion to Seal in full.

**GIBSON DUNN**

The Honorable Katherine Polk Failla
United States District Court for the Southern
District of New York

October 09, 2024
Page 5

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

cc:      All counsel of record (via ECF)

**GIBSON DUNN**